IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ALEJANDRO CUNNINGHAM,<br><br>    Defendant. | Case No. 3:19-CR-30035-NJR-3 |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release filed by Defendant Alejandro Cunningham (Doc. 112). Cunningham is serving a 60-month sentence in the Bureau of Prisons ("BOP") for conspiracy to distribute and distribution of cocaine (Doc. 80). Cunningham asks the Court to grant his request for compassionate release because his hypertension, respiratory illness, asthma, obesity, depression, and anxiety place him at a high risk of severe complications if he were to contract the COVID-19 virus (Doc. 112, p. 3).

### THE FIRST STEP ACT OF 2018

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of BOP. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's

facility, whichever is earlier.

After such a motion is filed, either by the Director of the BOP or by the defendant, the Court may reduce the term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement set forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

### DISCUSSION

Before reaching the merits of Cunningham's motion, the Court must first determine whether he waived the ability to bring his motion by the terms of his plea agreement. Cunningham's plea agreement states:

> Defendant is aware that Title 18, Title 28, and other provisions of the United

> States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this Plea Agreement, **Defendant knowingly and voluntarily waives the right to seek modification of, or contest any aspect of, the conviction or sentence in any type of proceeding, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28**, or under any other provision of federal law.

(Doc. 58, p. 7) (emphasis added). The Government argues that this provision and others foreclose Cunningham from seeking relief under 18 U.S.C. § 3582.

In *United States v. Soto-Ozuna*, the Seventh Circuit found the defendant waived his right to move under § 3582(c)(2) for a sentence reduction based on Amendment 782 to the Sentencing Guidelines when he agreed not to "seek to modify his sentence . . . in any type of proceeding." *United States v. Soto-Ozuna*, 681 F. App'x 527, 528 (7th Cir. 2017). The Court noted that it will "enforce appellate waivers in plea agreements if the terms of the waiver are express and unambiguous and the defendant knowingly and voluntarily entered into the agreement." *Id.* (citing *United States v. Sakellarion*, 649 F.3d 634, 638–39 (7th Cir. 2011)); *United States v. Aslan*, 644 F.3d 526, 534 (7th Cir. 2011)). Because there was no indication the defendant's waiver was not knowing and voluntary, the Court upheld the waiver and affirmed the district court's denial of defendant's motion. *Id.*

The cases relying on *Soto-Ozuna* to deny compassionate release motions based on a plea waiver all share one common fact. The defendants signed their plea waivers *after* the enactment of the First Step Act. *See, e.g.*, *United States v. Egebrecht*, 2020 WL 3510775, at *2-3 (S.D. Ind. June 29, 2020) (defendant signed plea waiver in April of 2019); *United States v. Harris-Harden*, 2020 WL 5653404, at *2 (S.D. Ind. Sept. 22, 2020) (defendant signed

plea waiver in April of 2019); *United States v. Barnett*, 2020 WL 5947013, at *2 (S.D. Ind. Oct. 6, 2020) (defendant "signed his plea waiver on December 26, 2018—several days after the First Step Act was enacted"). Similar to the defendants who signed their plea waivers *after* the enactment of the First Step Act, Cunningham signed his plea waiver in May of 2019.

More importantly, like the plea waiver in *Soto-Ozuna*, where the defendant waived his right to "modify" his sentence, Cunningham waived his right to "seek *modification of*, or contest any aspect of, the conviction or sentence in any type of proceeding, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28 or under any other provision of federal law" (Doc. 58, p. 7) (emphasis added). Broad waiver language in a plea agreement prohibiting "modification" of a sentence prevents future motions for compassionate release, even where such language was agreed to *before* the passage of the First Step Act. *United States v. Rodas*, 719 F. App'x 528 (7th Cir. 2018); *Soto-Ozuna*, 618 F. App'x at 528. Accordingly, Cunningham has waived the right to seek any modification of his sentence, and this includes a motion for compassionate release.

Even if his plea waiver allowed for modification through the First Step Act, Cunningham's medical condition does not rise to the level of "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A). For a medical condition to constitute an extraordinary and compelling reason, the defendant must be suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he

or she is not expected to recover. U.S.S.G. 1B1.13(a)(2). There is no evidence of those circumstances here.

For these reasons, the Motion for Compassionate Release (Doc. 112) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  April 21, 2021

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**